Barnard, P. J.
—The cause of action in favor of the plaintiff was fully-proven. James W. Roosevelt, a very old man at the time of his death in 1885, had lived in the family of the plaintiff under an agreement to pay six dollars per week for his board. This was the usual price of board, and thus a claim is established against the estate of the deceased. It was the important question upon the trial whether this claim was wholly or partly paid. The evidence gives no certain data to determine the question.
The deceased was a man of some wealth and the plaintiff was poor. She admits that up to a period some seven or eight years before Roosevelt died, he paid up the board pretty well, and the referee has found that no part of the claim can go back of January 1, 1877. This is a fair conclusion from the evidence. There is proof tending to show that at and after this date the affairs of the deceased became so situated as to curtail his income.
The board was not regularly paid. The deceased bought groceries and provisions for the family which consisted of the claimant and two others besides the deceased.
The amount is not definite and the claimant occasionally gave him money with which to buy necessaries for the house. The reason given by the deceased for one of the payments for groceries was that he was financially straightened and wanted certain interest moneys due him from one Penfield to-be turned with the claimants account for groceries. The deceased about six months before his death said that he was behind with his board.
The proof does not show any regularity of payment and there is no guide as to the amount of the groceries nor as to what proportion were obtained with the claimant s money. There are no books of the account and the ordinary evidence of the parties to the contract which accompanies trials between living parlies is necessarily absent.
There is proof that the claimant limited her claim to two dollars and fifty cents per week for the last seven or eight years over the amount of the payments.
Under this state of the evidence the referee is fully supported in limiting the claim to that amount and also in the conclusion that there were no payments-which would reduce the claim below the amount which would be reached on that basis.
it is essentially a case depending upon inferences. "The claim is proven and the payments are uncertain. Both parties recognized that the board bill was. partially unpaid and the administrator put into the case the testimony of the claimant to limit the claim to two dollars and fifty cents per week, and the *874 referee was wise in establishing that amount in view of the other evidence in the case.
The judgment should be affirmed, with costs.
Pbatt, J., concurs; Dykman, J., not sitting.